## THE STATE OF TEXAS v. J. H. SPARKS.

On the 14th of March, 1864, on the return of the writ previously issued, Rich'd R. Peebles* and others were brought before this Court. Lieut. T. E. Sneed, in his answer, stated that applicants were in his custody as commander of the post, at San Antonio, by order of Maj. Gen. J. Bankhead Magruder, Commander of the Military District of Texas, &c., on the charge of treason and conspiracy against the government of the Confederate States. Case continued until the 21st instant, to give the Major General commanding an opportunity to answer. The Court ordered applicants into the custody of the Sheriff of Travis County, to be kept by him, subject to its control, under proper guard, pending proceedings in the case. On the 21st instant, Horace Cone, Esquire, on behalf of the Major General commanding, filed his answer, which states, in substance, that applicants were arrested and held by his order, as commander of this military district, upon the charge of treason and conspiracy against the Confederate States. On the 25th instant, counsel for respondent moved the Court to remand the prisoners to the custody of the military authorities, accompanied by the affidavit of the commandant of the post at Austin, &c. On motion of applicants, case continued until 26th instant. On the same day applicants were forcibly arrested from the Sheriff, by a detachment of armed soldiers, acting under the orders of the defendant. Writ of attachment issued against defendant, to have him brought before this Court, to answer for contempt. Defendant, in answer, stated : that he had received an order from Major General Magruder, stating that he had been ordered by the Lieut. Gen'l Comd'g T. M. D., to detain, as prisoners, the applicants ; and having previously received from the Maj. Gen'l, orders to place the escape of applicants beyond a doubt, by placing a sufficient guard over them ; and having once furnished a guard, which was rejected by the Sheriff, and being satisfied that the prisoners were not fully guarded by the Sheriff, and feeling, under the orders of the officers having a right to order him, that he was held by them responsible for the safety and protection of prisoners ; and being of the opinion that they were then constructively in the possession of the military ; and being ordered to disregard the then existing writ of habeas corpus, or any writ which might be subsequently issued ; and designing no contempt of the Court, but a desire to discharge his duty as an officer, in obedience to orders ; and having first requested the Court to remand the prisoners to the custody of the military authorities, and the Court having declined to act on his request, but taking it under advisement until the next day, defendant felt it his duty to act as he had done in taking the prisoners. *Held,* that the arrest of the prisoners, by the defendant, from the custody of the Sheriff, was a contempt of this Court ; and the showing was no justification of the contempt, but may be regarded as an extenuation of the offence.

No officer or tribunal, civil or military, known to the law of the land, can, without a violation of law and a contempt of this Court, forcibly take from under its control, and without its consent, prisoners held in the custody of the Court, pending an application for a writ of habeas corpus, until the final adjudication thereof.

An illegal act cannot be justified, no matter how high the source from which it emanates, by an order from superior authority.

Military officers are bound to obey all legal orders of their superior officers, but they are not bound to obey illegal orders.

While an officer is not bound to obey an unlawful order of his superior in command, yet as in all cases when he declines obedience to it, he acts at his peril ; much indulgence should be shown in extenuation of his obedience to such orders.

Tried before the Supreme Court.

---

*See Ex Parte R. R. Peebles and others, page 17.

*Attorney General*, for plaintiff.

*J. H. Sparks*, for himself.

MOORE J., delivered the opinion of the Court.

Ordered that Maj. Gen. Magruder be made a party defendant, and cause transferred to Tyler.